# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 20-2421-GW-PLAx | Date | April 10, 2020 |
|---|---|---|---|
| Title | *Kim Saunders v. Sally Beauty Supply LLC, et al.* | | |

| Present: The Honorable | GEORGE H. WU, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Javier Gonzalez | None Present | | |
| Deputy Clerk | Court Reporter / Recorder | | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):**     **ORDER REMANDING ACTION FOR LACK OF SUBJECT MATTER JURISDICTION**

       Sally Beauty Supply LLC and Sally Beauty Holdings, Inc. (collectively, "the Sally Entities") removed this action to this Court on March 13, 2020, asserting this Court's subject matter jurisdiction over this case by way of the provisions for complete diversity present in 28 U.S.C. § 1332(a). This Court must *sua sponte* consider its own subject matter jurisdiction. *See, e.g.*, *Pistor v. Garcia*, 791 F.3d 1104, 1111 (9th Cir. 2015).

       Both of the Sally Entities are of diverse citizenship from plaintiff Kim Saunders ("Plaintiff"), who is alleged to be a California citizen. The Sally Entities did not, however, account for the citizenship of their co-defendant, Iris Ballesteros ("Ballesteros"), but instead argued that Ballesteros had been "fraudulently joined" in this action. In light of their failure to account for Ballesteros's citizenship, the Court presumes – in the absence of a showing to the contrary by the Sally Entities, who (as the parties removing this action) bear the burden of establishing subject matter jurisdiction – that Ballesteros is a California citizen.

       Ballesteros is alleged in Plaintiff's Complaint to have been an Assistant Store Manager, and one of Plaintiff's supervisors. *See* Complaint ¶¶ 8, 14. The Sally Entities offer three arguments in their removal papers for why they believe Ballesteros's presence as a defendant satisfies the fraudulent joinder doctrine. First, they assert that Plaintiff's claim for intentional infliction of emotional distress ("IIED"), the only claim pled against Ballesteros,[1] is barred by the "workers' compensation exclusivity doctrine" under California

---

[1] As the Sally Entities' Notice of Removal acknowledges, the caption page of Plaintiff's Complaint styles her third cause of action as an IIED claim, but the body of the Complaint titles it "retaliation in violation of public policy." *Compare* Complaint at 1:16-17 *with id.* at 8:20-22. As addressed further herein, the Court agrees with the Sally Entities that the claim is, in fact, an IIED claim

       :

Initials of Preparer    JG

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-2421-GW-PLAx | Date | April 10, 2020 |
|---|---|---|---|
| Title | *Kim Saunders v. Sally Beauty Supply LLC, et al.* | | |

law. Second, the Sally Entities argue that Plaintiff simply has not sufficiently pled an IIED claim because she has not properly pled the required element of extreme and outrageous conduct, instead relying entirely on conduct that consists of personnel management actions or decisions. Finally, noting (as referenced supra, Footnote 1) that, in the body of the Complaint (as opposed to the caption), Plaintiff's third claim is for retaliation, the Sally Entities point out that a supervisor cannot be liable for retaliation under California law. However, in making this third argument, the Sally Entities acknowledge that "it appears clear from the four paragraphs included in [the third cause of action] that the claim is for IIED." Notice of Removal, Docket No. 1, at 10:2-4. The Court agrees with this last observation, *see* Complaint ¶¶ 46-47, and therefore does not further discuss the Sally Entities' contention regarding the liability of a supervisor for retaliation under California law.

The major difficulty with the Sally Entities' first two arguments is that their argument for the existence of diversity jurisdiction entirely ignores a somewhat-recent Ninth Circuit opinion, *Grancare, LLC v. Thrower by and through Mills*, 889 F.3d 543 (9th Cir. 2018). That decision – confirming the view announced by multiple district court rulings – makes crystal-clear that an argument that the Complaint's claims would not survive a Rule 12(b)(6) motion is not the equivalent of demonstrating fraudulent joinder. "If a defendant cannot withstand a Rule 12(b)(6) motion, the fraudulent [joinder] inquiry does not end there. For example, the district court must consider, as it did in this case, whether a deficiency in the complaint can possibly be cured by granting the plaintiff leave to amend." *Grancare*, 889 F.3d at 550[2]; *see also Corona v. Quad Graphics Printing Corp.*, 218 F.Supp.3d 1068, 1072 (C.D. Cal. 2016) ("'Even where presently deficiently pled, where Plaintiffs may amend that claim to cure any arguable defects, it may not be said that it is impossible for them to state a claim against [a non-diverse defendant].'") (quoting *Munoz v. Lab. Corp. of Am.*, No. CV 15-00902 GW, 2015 WL 4507104 (C.D. Cal. July 23, 2015)); *Rangel v. Bridgestone Retail Operations, LLC*, 200 F.Supp.3d 1024, 1034 (C.D. Cal. 2016) ("If there is a possibility

---

(and that the Complaint could easily be amended to make that clearer). In addition, the Court notes that the first cause of action in the Complaint is already alleged to be a claim for "retaliation in violation of public policy," Complaint at 6:18-20, meaning that styling the third cause of action in the same manner would be entirely redundant.

[2]One could make the argument that *Grancare* and the Ninth Circuit's earlier decision in *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987) are fundamentally inconsistent in certain respects. But that is a tension, if there is one, for the Ninth Circuit to decide, likely by way of an *en banc* proceeding. If there is a conflict between the decisions, this Court follows the clear instruction of a 2-year-old Ninth Circuit decision explicitly discussing the importance, to fraudulent-joinder analysis, of considering the possibility of amendment over a 33-year-old decision that appears to have paid no attention to the issue.

:

Initials of Preparer   JG

REMAND / JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-2421-GW-PLAx | Date | April 10, 2020 |
|---|---|---|---|
| Title | *Kim Saunders v. Sally Beauty Supply LLC, et al.* | | |

that the plaintiff could amend his pleading to state a cause of action against the allegedly sham defendant, then remand is warranted."); *Hernandez v. Ignite Restaurant Grp., Inc.*, 917 F.Supp.2d 1086, 1090 (E.D. Cal. 2013) ("[R]emand must be granted unless Ignite demonstrates that Plaintiff 'would not be afforded leave to amend [her] complaint to cure [the] purported deficiency.'") (quoting *Burris v. AT & T Wireless, Inc.*, No. C 06-02904 JSW, 2006 WL 2038040, *2 (N.D. Cal. July 19, 2006)). This clearly dooms the Sally Entities' second argument for fraudulent joinder, because even if the Court would agree with them that Plaintiff's current IIED claim does not successfully state a claim against Ballesteros, it would unquestionably afford her leave to amend to improve upon it, if she could.

*Grancare* might not, by itself, seal the failure of the Sally Entities' removal efforts if they were still able to demonstrate that, no matter how Plaintiff might amend, she still could not avoid a workers' compensation exclusivity bar. But the Court cannot reach that conclusion either.

First, courts have recognized that there are exceptions to the effect of workers' compensation exclusivity as it applies to IIED liability. *See Calero v. Unisys Corp.*, 271 F. Supp. 2d 1172, 1181 (N.D. Cal. 2003) ("Tort recovery pursued via a separate civil action is permitted if the conduct of the employer has a 'questionable' relationship to the employment or where the employer steps out of his proper role."); *see also Onelum v. Best Buy Stores L.P.*, 948 F.Supp.2d 1048, 1054 (C.D. Cal. 2013); *Calero*, 271 F.Supp.2d at 1181 ("[T]he preemption contention is heavily fact intensive for the same reasons as the managerial privilege defense. Many of the same questions arise, namely, the nature of defendants' conduct and whether it is so far out of the normal risks of the employment relationship as to be beyond the reach of Workers' Compensation.").

Second, courts have noted that part of the difficulty in relying upon workers' compensation exclusivity to satisfy the fraudulent joinder standard is the lack of certainty in the law on this subject. *See Calero*, 271 F.Supp.2d at 1181 ("There is no bright line test in determining what behavior is part of the employment relationship or reasonably encompassed within the compensation bargain. Nevertheless, district courts must resolve ambiguities in the controlling state law in favor of the non-removing party when evaluating fraudulent joinder."). One district court has noted that "the Ninth Circuit has held that racial discrimination is not a 'normal part' of the workplace," *Onelum*, 948 F.Supp.2d at 1055 (citing *Miller v. Fairchild Indus., Inc.*, 885 F.2d 498, 510 (9th Cir.1989)), an observation backed by a leading practice guide on California employment law. *See* Chin, Wiseman, et al., RUTTER GROUP CAL. PRAC. GUIDE: EMPLOYMENT LITIGATION (The Rutter Group 2019), ¶ 15:539 ("The exclusivity rule does not bar a suit for emotional distress damages attributed to . . . unlawful discrimination or other misconduct that 'exceeds the normal risks of the employment relationship.'"); *id.*, ¶¶ 15:586-587*; see also Corona*, 218 F. Supp. 3d at 1073 ("'Discrimination in employment is not a normal incident of employment.'") (quoting *Accardi v. Superior Court*, 17 Cal.App.4th 341, 347 (1993)); *Chavira v. Payless Shoe Source*, 140 F.R.D.

REMAND / JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-2421-GW-PLAx | Date | April 10, 2020 |
|---|---|---|---|
| Title | *Kim Saunders v. Sally Beauty Supply LLC, et al.* | | |

441, 446-47 (E.D. Cal. 1991). Here, the Complaint contains at least some suggestion that Plaintiff believes Ballesteros's treatment of had a basis in discrimination. *See* Complaint ¶¶ 15, 20, 40, 46.

Even courts that have gone through the trouble of a seemingly full-assessment of whether existing allegations would be enough to state an IIED claim in the face of a workers' compensation exclusivity argument – and have concluded that they would *not* be sufficient – have then continued on to observe that, because of the possibility of amendment, the removing defendant could not satisfy the high bar applicable to the fraudulent joinder doctrine. *See Rangel*, 200 F.Supp.3d at 1033-34.

In the end, the Court has not discovered any published Ninth Circuit decision addressing a workers' compensation exclusivity-based argument in the context of a fraudulent joinder analysis. However, it has unearthed at least five published district court decisions from within the Ninth Circuit – *Chavira*, *Colero*, *Onelum*, *Rangel* and *Corona* – that have addressed such contentions, and *all five* concluded that the removing defendant had *not* established fraudulent joinder.

From the foregoing, the Court concludes that the Sally Entities have not met the high standard of demonstrating the fraudulent joinder of Ballesteros in this action. Lacking diversity of citizenship between Plaintiff and Ballesteros, the Court therefore *sua sponte* remands this case for lack of subject matter jurisdiction. *Cf. Scholastic Entm't, Inc. v. Fox Entm't Grp., Inc.* 336 F.3d 982, 985 (9th Cir. 2003) (providing a party with an opportunity to respond when a court dismisses a case is not necessary when dismissal is for lack of subject matter jurisdiction).

It is so ordered.

:

Initials of Preparer    JG